**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

BAHRAM SHAKERI                      :
<br>             Plaintiff            :
<br>                                 :

v.                               :      **8:21-cv-00549-GJH**
<br>                               :

PRINCE GEORGE'S COUNTY, MARYLAND     :
<br>             Defendant        :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

## TABLE OF CONTENTS

**Page**

I.     Factual Averments/Background…………………………....…..2

II.    Undisputed Facts……………………………………………... 3

III.   Argument………………………………………………………4

IV.   Conclusion…………………………………………………… 7

# I.  FACTUAL AVERMENTS

This lawsuit arises from an allegation of defamation which was alleged to have occurred. Plaintiff alleges that police officer employee(s) of Defendant Prince George's County ("County") took video of a citizen falsely accusing Plaintiff of instigating a fight (CM/ECF 1, ¶ 13).  The fight, statement and video were made on January 21, 2020. (CM/ECF 1, ¶ 6)  Plaintiff alleges that the County's employee(s) knew the citizen's statements were false. (CM/ECF 1, ¶ 14).  Plaintiff alleges the County's employee(s) published the video to media sources which then released the statements publicly.[1] (CM/ECF 1 ¶ 15)

Plaintiff alleges he suffered "severe emotional distress and harm" as a result of publication of the citizen's statements about him. (CM/ECF 1 ¶ 23)  Plaintiff alleges the employee(s), as police officers, had and breached a duty to respect the privacy of alleged victims of crime. (CM/ECF 1, ¶¶ 26, 27)

Plaintiff filed the Complaint in United States District Court for the District of Maryland on March 4, 2021 based on diversity of the parties. (CM/ECF 1)  The Complaint alleges Defamation (CM/ECF 1, Count 1) and Gross Negligence (CM/ECF 1, Count 2).[2]  The Prince George's County Office of Law accepted service of the Complaint on June 28, 2021.  On August 17, 2021 Defendant County filed a Motion to Dismiss and supporting Memorandum (CM/ECF 7) arguing that the County could not be sued in this matter due to governmental immunity.

---

[1] Plaintiff fails to plead the date on which the video was released creating the cause of action.  Despite this, Defendant denies the video was released to media sources and acknowledges that the video was released within a short period of time and if the Complaint were amended, it would not impact any statute of limitations or create a basis upon which to move for dismissal.

[2] Defendant notes that normally the Statute of Limitations in Maryland for defamation is 1 year from the date the statement was made.  Due to the COVID-19 Pandemic, Maryland's statute of limitations was suspended for a period of time and the Complaint was filed prior to the modified statute of limitations.

Plaintiff filed no response to this Motion.  On September 13, 2021, Plaintiff filed a Motion for Leave to Amend (CM/ECF 12).

## II.  UNDISPUTED FACTS

1. Plaintiff was at MGM National Harbor on January 21, 2020. CM/ECF 1 ¶ 6

2. There was an incident between Plaintiff and a citizen. CM/ECF 1 ¶¶ 6 -11

3. Other citizens witnessed the incident and recorded video. CM/ECF 1 ¶ 12

4. Prince George's County Police officers responded. CM/ECF 1 ¶ 13

5. The citizen claimed that Plaintiff assaulted him. CM/ECF 1 ¶13

6. A Prince George's County Police officer recorded video of the citizen's claim that Plaintiff assaulted him. CM/ECF 1 ¶ 13

7. A Prince George's County Police officer shared the video electronically with others. CM/ECF 1 ¶ 22[3]

8. Plaintiff sent a letter to the Prince George's County Police Department October 6, 2020 related to the incident alleged in the Complaint.  A copy of the letter was sent to the County Attorney of Prince George's County.  Attachment A

9. The Chief Judge of the Maryland Court of Appeals filed a "Ninth Revised Administrative Order on the Emergency Tolling or Suspension of Statutes of Limitations and Statutory and Rules Deadlines" on June 3, 2020 in response to the "detrimental impact of the COVID-19 pandemic" which "created a general and pervasive inability for certain deadlines to be met." This is the most recent Revision but it restates the suspension of deadlines protocols without change from previous Revised Orders. Attachment B

---

[3] Defendant County does not dispute that the officer shared the video electronically with others but does dispute the specific allegation in ¶ 22 that it was shared by the officer with media outlets.

3

10. That the "Second Revised Administrative Order on the Emergency Tolling or Suspension of Statutes of Limitations and Statutory and Rules Deadlines" established that statutes of limitations would be "tolled or suspended by the number of days that the courts were closed" which was specifically March 16, 2020 through July 20, 2020 and extended the filing deadline to initiate matters by an additional 15 days to .  Attachment B, ¶¶ d, f.

### III.  ARGUMENT

Though the Court has not granted the Motion for Leave to Amend creating the "John Doe" defendants requested by Plaintiff, they would purport to be employees of Defendant Prince George's County and would be represented by the Office of Law.

There is no disagreement that regarding requests for leave to amend, federal courts are directed to "freely give leave when justice so requires." Fed.R.Civ.P 15(a)(2).  As cited by Plaintiff, freely given leave to amend should not happen if there is futility to the amendment. Contrary to Plaintiff's argument, it would be futile to permit leave to amend in this case.

This matter has been filed in federal court based on diversity of the parties.  "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  "[I]n diversity cases the rights enjoyed under local law should not vary because enforcement of those rights was sought in the federal court rather than in the state court. If recovery could not be had in the state court, it should be denied in the federal court." *Ragan v. Merchants Transfer & Warehouse Co*., 377 U.S. 530, 532 (1949).  Statute of limitations is one such law controlled by state law rather than federal law in diversity cases.  When determining the statute of limitations for a case, filing a diversity action "cannot give it longer life in the federal court than it would have had in the

4

state court without adding something to the cause of action." *Id*, at 533. The statute of limitations in this case therefore is the limitations established by the law of Maryland.

Plaintiff has filed this action alleging defamation and gross negligence related to the alleged defamation. The statute of limitations for defamation is found in Maryland Courts and Judicial Proceedings §5-105 which states "[a]n action for assault, libel, or slander shall be filed within one year from the date it accrues." Normally, therefore, the statute of limitations during which Plaintiff would have had to initiate an action against individual employees of Prince George's County would have expired on January 21, 2021 – one year after the alleged defamation occurred. Due the COVID-19 pandemic, however, Plaintiff was given additional time to file his Complaint as statutes of limitations in Maryland were lengthened. Pursuant to the various Administrative Orders of Chief Judge Barbera (retired), the statute of limitations for this case would have been extended by the amount of time that Maryland Courts were closed, specifically 126 calendar days[4] plus 15 days. The Plaintiff therefore would have had to initiate his requested action against individual employees of Prince George's County no later than June 11, 2021. That date was 94 days prior to the filing of Plaintiff's Motion for Leave to Amend.

In order for the Amended Complaint, if permitted, to withstand a subsequent Motion to Dismiss based on failure to file within the statute of limitations, the Court would have to find the Proposed Amended Complaint relates back to the time of the original filing. It does not. As an initial matter, Plaintiff seeks to Amend his complaint by adding defendants "John Does 1 – 10." Pleadings against fictitious persons are generally referenced as "John Doe" pleadings. Some jurisdictions recognize this legally fictional party, allowing John Doe pleadings to be filed and

---

[4] March 16, 2020 through July 20, 2020

ultimately modified to substitute the individual's true and proper name. Maryland acknowledges the importance of concluding controversies on the merits rather than technical or administrative mistakes and therefore Maryland courts are liberal in allowing amendments of pleadings to add parties or correct misidentification of parties. Maryland courts do not, however, recognize the legal fiction of a John Doe pleading and do not recognize "John Doe" as a lawfully joined party, allowing the substitution of the person's true name when discovered. *See*, *Nam v. Montgomery County*, 127 Md.App. 172, 185 (1999). As argued previously, Maryland law controls in this case and therefore Plaintiff's Motion for Leave requests the opportunity to add parties which are not recognized in Maryland courts.

Plaintiff states in his Motion that he intends to perform "limited discovery in order to amend the Complaint to provide the correct information of the individual officers who are responsible" for the acts alleged. In other words, Plaintiff intends to file a Second Amended Complaint when he learns the identities of the officers alleged to have engaged in defamation. A Second Amended Complaint with the names of actual, legally recognized parties, would only be allowed under Maryland law, however, if the amendment would relate back to the initial filing of this Complaint on March 4, 2021. It is well established in Maryland that relation back will be permitted when the factual situation is the same after the amendment as before and amendments should be liberally allowed to promote justice and resolution of matters on their merits. *See generally*, *Crowe v. Houseworth*, 272 Md. 481 (1974), *Earl v. Anchor Pontiac Buick, Inc.*, 246 Md. 653 (1967), *Hall v. Barlowe Corp.*, 255 Md. 28 (1969). Amendment will not be allowed, however, when the amendment attempts to add a new party.

Maryland courts have noted two critical factors in an inquiry of relation back of an

6

amendment. The first factor requires the determination of the appropriate defendant and the second factor requires the determination of whether that intended defendant had notice of the intention to sue within the limitations period. *See*, *Smith v. Gehring*, 64 Md. App., 359, 365 (1985).

In this case, Plaintiff fails to meet either criterion. First, it is clear that there was no intention on the part of the Plaintiff to sue any individual County employee prior to the Plaintiff's realization that the County was immune to suit in this matter. There was no inclusion of "John Doe" defendants in the initial Complaint and, as will be discussed further below, there was no prior notice of intent to sue any individual employee. For these reasons, the Proposed Amendment is precisely the addition of a new party outside the statute of limitations which is prohibited.

Plaintiff also fails to meet the requirement of the second prong of the analysis as there was no notice within the limitations period to the now intended individual defendant(s) of any intent to sue. Preliminarily, Attachment A to this Memo cites Maryland Rule §5-408 to proclaim "confidentiality" of its contents and inaccurately states that it "is not admissible for any reason." While attempts to compromise are not normally admissible, the Rule allows admission of such a letter if offered for a purpose not related to the attempt to compromise. Attachment A is submitted here not as proof of an attempt to compromise, but to show it contained no notice of intent to sue individual employees of the County. If Plaintiff objects to its admission for that purpose, then Plaintiff must concede that no notice of intent to sue was provided at all and the Leave to Amend must be denied on that basis. Assuming Plaintiff does not choose to mount that objection, the letter written and mailed to the Prince George's County Police Department was not

7

legally sufficient notice to individual County employees to meet the second prong of the *Smith* test for relation back.

Initially, Plaintiff alerted the Police Department of his intent to sue only the Police Department with the heading of the letter, which specifically states "Bahram Shakeri v. Prince George's Police Department."[5]  The substance of the letter further reinforces the conclusion that the letter only provided notice of intent to sue the County.   The letter indicates that counsel was retained to represent Plaintiff's claims "of *your Department's* gross negligence,"[6] and makes no mention of representing Plaintiff in any claim against any individual employee.  The letter goes on to reiterate that "[a]s a result of *your Department's* gross negligence and publication of defamatory statements"[7] Plaintiff was harmed.  While the letter arguably does not satisfy Maryland Courts and Judicial Proceedings §5-304 as it was sent to the Police Department and not the County Attorney and it was not sent via certified mail, this Memorandum assumes the Court would find it is constructive notice of intent to sue the County allowed under the statute.  It does not, however, indicate any notice to either the County, or more importantly any individual County employees, of any intent to sue them.  To the contrary, it reflects Plaintiff's intent to do precisely what he did in his original Complaint, sue the County alone.

The individual County employees Plaintiff now seeks to add through his Proposed Amended Complaint, and ultimately through a future Proposed Second Amended Complaint containing actual names, received absolutely no actual or constructive notice of Plaintiff's intent to sue within the limitations period.  The absence of any attempt to sue any individual employee

---

[5] As the Police Department is non sui juris, there is no argument that there is any difference between the initially stated intention of suing the Department and the ultimate decision to sue the County.
[6] Emphasis added
[7] Emphasis added

of the County prior to the Plaintiff's realization that the County was immune to suit in this matter further shows that not only was there no notice of an intent to sue, but the Plaintiff did not give notice because he did not have any intent to sue them. For these reasons, the Proposed Amended Complaint does not relate back to the limitations period. As there is no relation back, it is futile to allow the Proposed Amendment as the individuals, if added, would be ultimately entitled to dismissal.

## CONCLUSION

For the above stated reasons, while leave to amend should generally be freely given, it should not be when the amendment is futile. In this case, Maryland's Statute of Limitations controls and, due to the COVID-19 pandemic, expired 1 year and 126 days after the alleged defamatory act, on May 27, 2021. Maryland law does not allow amendments made after the tolling of the Statute of Limitations unless the amendment relates back to the original Complaint. As Plaintiff did not identify any individual employee as a proper party within the statute of limitations and as no individual employee was given notice of Plaintiff's intent to sue within the statute of limitations, the Proposed Amended Complaint does not, under controlling Maryland law, relate back. The Proposed Amended Complaint Plaintiff moves for Leave to file therefore is futile and Plaintiff's Motion for Leave to Amend should be denied.

Respectfully submitted,

RHONDA L. WEAVER
COUNTY ATTORNEY

ANDREW J. MURRAY
DEPUTY COUNTY ATTORNEY

By:    _____*TONIA Y. BELTON-GOFREED*_____

Tonia Belton-Gofreed, Fed. Bar No. 16176
Associate County Attorney
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
(301) 952 3941
tbgofreed@co.pg.md.us
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of September, 2021, a copy of the foregoing

document was electronically transmitted to this Court and served via CM/ECF and email on:

Faisal Gill, Esq.
1717 Pennsylvania Avenue NW
Washington, DC 20006
*Fgill@glawoffice.com*
*Counsel for Plaintiff*

_____s/ *TONIA Y. BELTON-GOFREED*_____
Tonia Belton-Gofreed, Fed. Bar No. 16176

10