Faisal Gill
Gill Law Firm
1717 Pennsylvania Ave NW
Suite 1025
Washington DC 20006
310-418-6675
213-260-8255 (fax)
Fgill@glawoffice.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BAHRAM SHAKERI )
)  Case No. 8:21-cv-00549-GJH
)
    Plaintiff )
)  REPLY IN SUPPORT OF MOTION FOR
)  LEAVE TO AMEND
)
PRINCE GEORGE'S COUNTY )
)
)
    Defendant )

COMES NOW, Plaintiff Bahram Shakeri, and respectfully submits this Reply in Support of his Motion for Leave to Amend Complaint.

1. The District of Maryland has allowed the use of "John Doe" Defendants in situations very similar to this case.

When a plaintiff seeks to learn the identities of unknown defendants through pre-service subpoenas under Rule 45 of the Federal Rules of Civil Procedure, he or she should be allowed to do so "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). *See also Johnson v. Md. DOT*, 2018 U.S. Dist. LEXIS 198388 (November 21, 2018). Given that discovery

in this matter would clearly identify the necessary parties, this amendment to allow for Rule 45 subpoenas is utilized in this Court. Further, Plaintiff has also sent in a FOIA request to identify the individual officers. Given the three-year statute of limitations for Plaintiff's claim for gross negligence, this is well within enough time to identify the Defendants prior to the expiration of the statute of limitations.

2. Federal Rules of Civil Procedure do allow for addition of parties to relate back to the original complaint.

Federal Rules of Civil Procedure 15 allows for the addition of parties to relate back to the original complaint in certain situations. Moreover, "[t]he statute of limitations is an affirmative defense for which the defendant bears the burden of proof." *Windsor v. Bd. of Educ. of Prince George's Cty.*, No. TDC-14-2287, 2016 U.S. Dist. LEXIS 125371, 2016 WL 4939294, at *9 (D. Md. Sept. 13, 2016) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)).Contrary to Defendant's argument, it is not a blanket rule that adding parties is not allowed to relate back.

3. The Statute of Limitations has not run for Plaintiff's Gross Negligence claim.

While Defendant argues that the statute of limitations has run for the claim of defamation, they completely ignore the fact that Plaintiff's claim for Gross Negligence has not exceeded its statute of limitations. A claim for gross negligence has a statute of limitations of three years. Md. COURTS AND JUDICIAL PROCEEDINGS Code Ann. § 5-101. Thus, time has not run in order to file this claim against individual employees.

4. Plaintiff gave sufficient notice under the Local Government Tort Claims Act.

The LGTCA provides that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)

(West 2009). "The notice shall be in writing and shall state the time, place, and cause of the injury." Id. at § 5-304(b)(2). The purpose of the notice requirement is "to apprise a local government of its possible liability at a time when it could conduct its own investigation, i.e., while the evidence was still fresh and the recollection of the witnesses was undiminished by time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it." Rios v. Montgomery Cnty., 386 Md. 104, 126, 872 A.2d 1, 14 (2005) (quotation marks and citation omitted).

Under certain circumstances, however, "a litigant is excused from strict compliance with the notice obligation, so long as 'the purpose of the notice statute was fulfilled by substantial compliance with the statutory requirements.'" *White v. Prince George's County*, 163 Md. App. 129, 144, 877 A.2d 1129, 1137 (2005). "Substantial compliance 'requires some effort to provide the requisite notice and, in fact, it must be provided, albeit not in strict compliance with the statutory provision.'" Id. at 1137 (citation omitted). A tort claimant has substantially complied with the LGTCA's notice provisions "where the tort claimant provides the local government, through the unit or division with the responsibility for investigating tort claims against that local government . . . the information required by § 5-304(b)(3)" within the statutory period. *Moore v. Norouzi*, 371 Md. 154, 178, 807 A.2d 632, 646-47 (2002).

Contrary to Defendant's arguments, the notice requirement under § 5-304(b) does not require that it specifically state who the claim will be filed against. Here, Plaintiff substantially complied with the notice requirement, by providing the Prince George's County Police Department (and the Prince George's County Attorney) the time, place and cause of the injury. This apprised Prince George's County – specifically the department that had specific control of the information necessary to investigate and the department that would be responsible for investigating the matter. Thus, the notice required under the LGTCA was sufficient.

For these reasons, this Court should allow Plaintiff leave to amend his Complaint and conduct limited discovery in order to name the appropriate individual defendants in this mat

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

Respectfully Submitted,


                                        /S/ FAISAL GILL
                                        Faisal Gill (SBN 463416)

                        CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2021, a copy of the foregoing Reply in Support of

Motion to Compel was filed electronically and served by mail on anyone unable to accept

electronic filing. Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the

Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Faisal Gill

                                        Faisal Gill

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT