**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **BAHRAM SHAKERI,** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-21-00549** |
| | * | |
| **PRINCE GEORGE'S COUNTY,** | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Bahram Shakeri initiated the instant civil suit against Defendant Prince George's County alleging defamation *per se* (Count I) and gross negligence (Count II) stemming from Plaintiff's allegation that Defendant's law enforcement officers republished defamatory statements about Plaintiff when they knew the statements to be false. ECF No. 1. Pending before the Court are a number of motions including Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 7, and Plaintiff's Motion to Amend/Correct Complaint, which seeks to replace Defendant Prince George's County with ten John Doe Defendants, ECF No. 12.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, both motions are granted in part and denied in part.

---

[1] Also pending before the Court is Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint, ECF No. 4, which the Court now grants.

1

# I.    BACKGROUND[2]

On or about January 21, 2020, Plaintiff was in the MGM National Harbor when he alleges that Delonte West attacked him for the first time. ECF No. 12-3 ¶ 6. Plaintiff alleges that he tried to "get away to calm the situation down," but that he was followed by West, *id.* ¶ 7, and that when he tried to leave, West continued to attack and harass him. *Id.* ¶ 8. West then "instigated a fight" with Plaintiff near the 6700 block of Oxon Hill Road where he threw a glass at Plaintiff's head. *Id.* ¶¶ 9–10. After this interaction, Plaintiff alleges that he "in self-defense took action against Mr. West." *Id.* ¶ 11.

Bystanders who witnessed this altercation recorded a video and placed it on social media where Plaintiff further alleges that he "can be clearly seen and has been recognized by numerous individuals." *Id.* ¶ 12. After West was detained by police, Plaintiff alleges that a video was taken by a police officer where West stated that Plaintiff "approached him with a gun." *Id.* ¶ 13. Plaintiff contends that, based on an investigation of witnesses at the scene of the altercation by the Prince George's County Police Department ("PGCPD"), "officers were fully aware that [Plaintiff] did not approach Mr. West with a gun," as it was West who instigated the altercation. *Id.* ¶ 14. Despite knowing the falsity of West's statements, Plaintiff alleges that a PGCPD officer released the video of West's statements to the media, "where news outlets like TMZ publicized Mr. West's statements against [Plaintiff]."[3] *Id.* ¶ 15.

---

[2] Unless otherwise stated, the background facts are taken from Plaintiff's proposed First Amended Complaint, ECF No. 12-3, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[3] Plaintiff alleges that Prince George's County Police Chief Hank Stawinski stated that "[i]t [was] irresponsible for that [video], taken by a Prince George's County police officer, to be in the public's hands…" (alterations in original). ECF No. 12-3 ¶ 16.

In October 2020, Plaintiff notified the PGCPD and the Prince George's County Attorney, in writing, of his claim and, after failing to receive a response, *id.* ¶¶ 17–18; ECF No. 15-1 (letter to PGCPD), Plaintiff filed the instant case on March 3, 2021. ECF No. 1. On August 17, 2021, Defendant filed the now pending Motion to Dismiss, ECF No. 7. On September 13, 2021, Plaintiff filed the additionally pending Motion for Leave to Amend Complaint, ECF No. 12, which Defendant opposed on September 28, 2021, ECF No. 14, along with supplemental attachments in support of their opposition. ECF No. 15. Plaintiff replied on October 5, 2021. ECF No. 16.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within "21 days after serving it" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation omitted). "An amendment is futile if it could not survive a motion to dismiss for failure to state a claim." *Cutonilli v. Maryland*, 251 F. Supp. 3d 920, 923 (D. Md.), *aff'd,* 696 F. App'x 648 (4th Cir. 2017), *cert. denied,* 138 S. Ct. 456, (2017) (quoting *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). "Thus, if an amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief can be granted, the amendment is

futile and should be denied." *McCollum v. NJ Div. of Motor Vehicle*, No. 12-cv-1525-RDB, 2012 WL 6185647, at *4 (D. Md. Dec. 11, 2012) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint[,]" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any

reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Further, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

## III.    DISCUSSION

Defendant argues that Plaintiff's proposed First Amended Complaint is futile as to the defamation claim due to the expiration of the statute of limitations and Plaintiff's inability to "relate back" his proposed unnamed "John Doe Defendants" to the original Complaint. *See* ECF No 14. at 5–9. [4] As to the gross negligence claim, Defendant argues that Plaintiff did not comply with the notice requirements of the Maryland Local Government Tort Claims Act prior to filing suit. *See id* at 8. As a federal court exercising diversity jurisdiction, this Court must apply the law of the forum state: Maryland. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, Inc., 386 F. 3d 581, 599–600 (4th Cir. 2004). The Court will analyze each claim separately.

### A.    Defamation Claim

The statute of limitations for defamation in Maryland is one year. Md. Code Ann., Cts. & Jud. Proc. § 5-105; *see Long v. Welch & Rushe*, Inc., 28 F. Supp. 3d 446, 456 (D. Md. 2014).

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Plaintiff alleges that the defamatory video was taken on January 21, 2020, after West was detained by police following their altercation. ECF No. 12-3 ¶¶ 6, 13. Therefore, Plaintiff would typically have until January 21, 2021 to file his defamation suit. Plaintiff filed the instant suit against Prince George's County on March 3, 2021. ECF No. 1. As Defendant acknowledges, however, Maryland courts tolled statutes of limitations by the number of days that Maryland Courts were closed due to the COVID-19 pandemic, plus fifteen days,[5] which gave Plaintiff until June 11, 2021, making the original Complaint timely. *See* ECF No. 14 at 5. However, Plaintiff sought leave to amend the Complaint and add the John Doe Defendants on September 13, 2021, which was 94 days past the expiration of the statute of limitations even considering the COVID-19 related extension of time.[6] *See* ECF No. 12. Therefore, for Plaintiff's proposed Amended Complaint to survive a motion to dismiss for failure to file within the statute of limitations, Plaintiff's proposed Amended Complaint seeking to add the John Doe Defendants would need to "relate back" to the date of Plaintiff's first Complaint, ECF No. 1, on March 3, 2021.

Rule 15(c) of the Federal Rules of Civil Procedure allows an amended pleading to "relate back" to the date of the original pleading if (1) the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original pleading, and (2) "the party to be added (a) received timely notice of the action such that he would not be prejudiced in

---

[5] *See* COURT OF APPEALS OF MARYLAND ADMINISTRATIVE ORDER ON EMERGENCY TOLLING OR SUSPENSION OF STATUTES OF LIMITATIONS AND STATUTORY AND RULES DEADLINES (Apr. 3, 2020), https://www.mdcourts.gov/sites/default/files/admin-orders/20200403emergencytollingorsuspensionofstatutesoflimitationsetc.pdf (identifying that tolling was effective as of March 16, 2020).

Maryland courts reopened on July 20, 2020. SIXTH REVISED ADMINISTRATIVE ORDER ON EMERGENCY TOLLING OR SUSPENSION OF STATUTES OF LIMITATIONS AND STATUTORY AND RULES DEADLINES (Dec. 22, 2020), https://www.courts.state.md.us/sites/default/files/admin-orders/20201222sixthrevisedadministrativeorderonemergencytollingorsuspensionofstatutesoflimitationsandstatutoryandrulesdeadlines.pdf (extending the filing deadlines by fifteen additional days). Therefore, the courts were closed 126 calendar days.

[6] The proposed Amended Complaint does not include Defendant Prince George's County.

maintaining a defense on the merits, and (b) knew or should have known that he would have been named as defendant 'but for a mistake concerning the proper party's identity.'" *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 371 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 2887 (2015) (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)). Plaintiff's amendment to add the John Doe Defendants clearly arose out of the same occurrence set out in the original pleading as Plaintiff seeks to remove the County as a Defendant and conduct limited discovery to identify individual PGCPD officers employed by Defendant to then name in a future proposed Second Amended Complaint. *See* ECF No. 12-1 at 2. Thus, the primary issue is whether the proposed John Doe Defendants had "timely notice" of this action such that they would not be prejudiced and that they "knew or should have known" that they would be named "but for a mistake concerning the proper party's identity." *See Tatum*, 761 F.3d at 317. They did not. Indeed, as they are yet unnamed, they still do not.

"Federal Rule 15(c) governs the relation back of amendments and controls in the face of conflicting and less generous state law." *Fed. Leasing, Inc. v. Amperif Corp.*, 840 F. Supp. 1068, 1071 (D. Md. 1993) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 611–12 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980). For purposes of Rule 15(c), naming "John Doe" as a defendant does not constitute a "mistake." *See Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366–67 (4th Cir. 2006) (referencing "the weight of federal case law holding that the substitution of named parties for 'John Doe' defendants does not constitute a mistake pursuant to Rule 15(c)(3)"). "Applying Maryland law here ultimately yields the same result because naming an individual previously identified as John Doe is not considered a 'misnomer' or 'correction of a previously identified party,' but instead reflects the addition of a new defendant, to which the doctrine of relation back does not apply." *Touko v. United States*, No. 20-cv-1113-GJH, 2021

7

WL 2685328, at *3 (D. Md. June 29, 2021) (citing *Nam v. Montgomery Cty.*, 127 Md. App. 172, 186–88, 732 A.2d 356, 363–65 (1999)). Thus, even if Plaintiff were to eventually identify the PGCPD officers and file leave to amend for a second time to name them in the proposed Second Amended Complaint, this would be impermissible as naming the John Does would not be considered a "misnomer" or "correction of a previously identified party." *Id*; *see also Vaughan v. Foltz*, No. 2:16-CV-61-FL, 2019 WL 1265055, at *9 (E.D.N.C. Mar. 19, 2019), *aff'd*, 825 F. App'x 131 (4th Cir. 2020) ("It is well-settled in this circuit that plaintiff should not be permitted to amend her complaint to remove the John Doe defendants and substitute real parties, because their lack of knowledge of the proper defendants is not considered a 'mistake' under Rule 15(c)(3)."). They would be new parties entirely. *See also Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) ("[Plaintiff's] amended complaint . . . did not correct a mistake in the original complaint but instead supplied information [he] lacked at the outset. Since the *new names* were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met.") (emphasis added), *modified*, 74 F.3d 1366 (2d Cir. 1996). "The problem of new defendant versus mere misnomer resolves itself into a question of who was intended to be sued, and whether that party had timely knowledge of the action." *Smith v. Gehring*, 496 A.2d 317, 320 (Md. Ct. Spec. App. 1985).

Here, it is evident from the Original Complaint that Defendant did not originally intend to sue any individual employees of Defendant as Plaintiff identified, multiple times throughout the Complaint, that his claims were brought against the Prince George's County Police Department itself, not any particular officer. *See generally* ECF No. 1.[7]  Thus, Plaintiff's proposed

---

[7] Notably, the letter sent to the County Attorney by Plaintiff in advance of the filing of suit only referenced an intent to sue the Department and not any individual officers. *See e.g.*, ECF No. 15-1 at 3 ("As a result of your Department's . . . publication of defamatory statements, Mr. Shakeri has been severely damaged.").

amendment to add John Doe Defendants constitutes the addition of entirely new parties, who remain unnamed, which is prohibited under the relation back doctrine. *See Nam*, 127 Md. App. at 186–88. Further then, because the proposed John Doe Defendants also did not receive, and still have not received, timely notice of the action and should not have known they would be named in the instant suit, Plaintiff's proposed amendment does not "relate back" to the original Complaint. *See Tatum*, 761 F.3d at 371. Plaintiff's proposed Amended Complaint, with respect to his defamation claim, therefore, cannot survive a motion to dismiss for failure to file within the statute of limitations. As such, it must be dismissed and Plaintiff's attempt to amend the complaint is futile as to this count.

### B. Gross Negligence Claim and the LGTCA

A claim for gross negligence is subject to Maryland's general three-year statute of limitations. Md. Cts. & Jud. Pro.Code Ann., § 5–101. Because the alleged defamatory video was taken on January 21, 2020, Plaintiff's gross negligence claim is not reliant on the relation back doctrine to stay within the statute of limitations.

However, in Maryland, to bring a claim against a local government or its employees, Plaintiff must comply with the Maryland Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc. § 5-304 *et seq*. Pursuant to the LGTCA, "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 1 year after the injury." *Id.* § 5-304(b)(1); *see also Rounds v. Maryland-Nat. Capital Park & Planning Comm'n*, 109 A.3d 639, 648 (Md. 2015) ("[W]e hold that, generally, the LGTCA notice requirement applies to both state constitutional and non-constitutional tort claims for unliquidated damages."). Written notice must be provided "in person or by certified mail, return receipt requested," and state the "time, place, and cause of

9

the injury." *Id.* § 5–304(b)(2), (c)(1). "The notice requirement of the LGTCA is a condition precedent to maintaining a tort action for damages, such that a suit under the LGTCA is 'fatally flawed if the condition is not satisfied.'" *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cty.*, No.18-cv-3821-TDC, 2020 WL 903205, at *6 (D. Md. Feb. 25, 2020) (quoting *Rios v. Montgomery County*, 872 A.2d 1, 14 (Md. 2005)). "As a result, a plaintiff is required, in the complaint, to plead compliance with the notice provision of the LGTCA," and failure to do so subjects a plaintiff's claims to dismissal. *Id.* (citing *Hansen v. City of Laurel*, 25 A.3d 122, 137, 131 (Md. 2011)).

Plaintiff alleges that "[i]n October 2020, Plaintiff notified the Prince George's Police Department and the Prince George's County Attorney of his claim." ECF No. 1 ¶ 17; ECF No. 12-3 ¶ 17. In its Opposition, Defendant attaches the letter Plaintiff sent to the PGCPD, ECF No. 15-1, but claims that it "arguably does not satisfy [Section 5-304] as it was sent to the Police Department and not the County Attorney and it was not sent by certified mail," ECF No. 14-1 at 8. "[T]he Court of Appeals of Maryland has held that 'strict compliance with the notice provisions of the LGTCA is not always required; substantial compliance may suffice.'" *Quigley v. United States*, 865 F. Supp. 2d 685, 691 (D. Md. 2012) (citing *Moore v. Norouzi*, 371 Md. 154, 171, 807 A.2d 632 (2002)). Substantial compliance with the statutory requirements may "satisfy the statute where the purpose of the notice requirement is fulfilled." *Moore*, 807 A.2d at 640. But "[t]his exception is a 'narrow' one." *Hisp. Nat'l L. Enf't Ass'n NCR*, 2020 WL 903205, at *7 (citing *Huggins v. Prince George's Cty.,* 683 F.3d 525, 538 (4th Cir. 2012)). To establish substantial compliance, a plaintiff must exert "some effort to provide the requisite notice," and, "in fact, [notice] must be provided[.]" *Moore*, 807 A.2d at 643 (citations omitted). And such notice "must meet the LGTCA's purpose of having 'the claimant furnish the municipal body

10

with sufficient information to permit it to make an investigation in due time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it.'" *Hisp. Nat'l L. Enf't Ass'n NCR*, 2020 WL 903205, at *7 (quoting *Moore*, 807 A.2d at 643).

Here, the incident giving rise to the instant suit occurred on January 21, 2020, ECF No. 12-3 ¶ 6, and Plaintiff contacted the PGCPD, in writing, on October 6, 2020, and stated that "Mr. Shakeri has a significant case for damages caused by the negligence and publication of defamatory statement of officers from the Prince Georges County Police Department." ECF No. 15-1 at 2. The letter identified the date and location of the incident and described Plaintiff's allegation. *Id*.

"Substantial compliance requires notice to the person or entity that is charged with investigating tort claims against the defendant local government agency for the purpose of inquiring into legal defenses." *Sabrosso-Rennick v. Mayor & City Council of Baltimore*, No. 12-CV-2456-JKB, 2012 WL 6719648, at *3 (D. Md. Dec. 21, 2012) (citing *Hansen v. City of Laurel*, 996 A.2d 882, 891–92 (Md. Ct. Spec. App. 2010), *aff'd*, 420 Md. 670, 25 A.3d 122 (2011)). Section 5-304(3)(iii) provides that where the defendant local government is Prince George's County, "the notice shall be given to the county solicitor or county attorney." While addressed to PGCPD, the letter was also copied to the County Attorney for Prince George's County. ECF No. 15-1 at 4. Whether the letter was sent directly to her or she was merely copied on the letter, she received notice of the action and was provided "sufficient information to permit it to make an investigation in due time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it.'" *Hisp. Nat'l L. Enf't Ass'n NCR*, 2020 WL 903205, at *7 (quoting *Moore*, 807 A.2d at 643).

Thus, the LGTCA was satisfied and the gross negligence claim against the John Doe Defendants is not futile.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend, ECF No. 12, is granted in part and denied in part, and Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 7, is granted in part and denied in part. The Complaint shall be amended to include a count of Gross Negligence against John Does 1-10. A separate Order shall issue.

Date: <u>January 10, 2022</u>                          ___/s/_____
                                                    GEORGE J. HAZEL
                                                    United States District Judge