IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

BAHRAM SHAKERI                                    *
        Plaintiff                           *
                                             *
v.                                               *    **8:21-cv-00549-GJH**
                                             *
PRINCE GEORGE'S COUNTY, MARYLAND                 *
        Defendant                           *

**********************************************************************

## DEFENDANTS' ANSWER PRESENTING DEFENSES TO THE FIRST AMENDED COMPLAINT

Come now Defendants John Does 1 through 10 and in Answer to Plaintiff's First Amended Complaint (ECF No. 19) filed herein, state as follows:

### I.   General Responses

1.  The Amended Complaint fails to state a claim upon which relief can be granted.

### II.   Specific Responses

As to the remaining specific averments, the Defendants state:

1. Defendants admit in part and deny in part the allegations in paragraph 1 of Plaintiff's First Amended Complaint. Defendants admit that Plaintiff is entitled to file a claim for gross negligence at this time, and that the identity of the John Doe Defendants are unknown, but it denies that any that any defamatory acts were engaged in that and that any defamation claim remains in this case pursuant to the Court' ruling in its Memorandum Opinion. (ECF No.17).

2. Defendants admit the allegations in paragraph 2 of Plaintiff's First Amended Complaint.

1

3.  Defendants admit in part and deny in part the allegations in paragraph 3 of Plaintiff's First Amended Complaint. Defendants admit that the PGCPD is a primary law enforcement agency but denies that the County is being sued in this case and it further denies the fact that the stated business address is correct.

4.  Defendants admit the allegations in paragraph 4 of Plaintiff's First Amended Complaint.

5.  Defendants admit the allegations in paragraph 5 of the Plaintiff's First Amended Complaint.

6.  Defendants admit the allegations in paragraph 6 of Plaintiff's First Amended Complaint.

7.  Defendants deny the allegations in paragraph 7 of Plaintiff's First Amended Complaint.

8.  Defendants deny the allegations in paragraph 8 of Plaintiff's First Amended Complaint.

9.  Defendants deny the allegations in paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendants deny the allegations in paragraph 10 of Plaintiff's First Amended Complaint

11. Defendants deny the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendants admit the allegations in paragraph 12 of Plaintiff's First Amended Complaint noting that the bystanders were citizens and not members of the PGCPD.

13. Defendants admit the allegations in paragraph 13 of Plaintiff's First Amended

Complaint.

14. Defendants deny the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendants admit that this comment was made but denies any conclusory allegations pertaining to the comment as set forth in paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants admit the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendants admit the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

20-25. Defendants denies any and all allegations pertaining with Plaintiff's claim for defamation in this case set forth in paragraphs 20 through 25 of the Amended Complaint since they are no longer viable claims as noted in the Court's Memorandum Opinion (ECF No. 17).

Complaint.

26. Defendants adopt and incorporate herein by reference all prior admissions and denials dealing with paragraphs 1 through 25 of Plaintiff's First Amended Complaint

27. Defendants admit the allegations in paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendants deny the allegations in paragraph 29 of Plaintiff's First Amended Complaint.

## IV. Wherefore Clause

Defendants deny all allegations and claims for compensatory damages, pre-judgment and post judgment interest, attorney' fees, and other relief sought by the Plaintiff.

## V.   Affirmative Defenses

1.  The Defendants did not engage in conduct amounting to gross negligence.

2.  The John Doe Officer's actions or omissions were privileged, reasonable, legally justified, and based on probable cause.

3. The Defendants' actions were constitutional.

4. The John Doe Officer's did not act with malice.

5. The John Doe Officer did not engage in willful and wanton conduct.

6. The Defendants did not wantonly and willfully inflict injury that is so utterly indifferent to the rights of the Plaintiff or when they act as such rights do not exist.

7. The Defendants did not act with any evil intentions.

8.The actions of the Defendants were not intentional or willful

9. The Defendants did not engage in any acts that amounted to an intentional failure to perform a manifest duty in reckless disregard of the consequences affecting the life or property of another.

10. The Defendants acted with reasonable care towards the Plaintiff.

4

11. The Defendants did not owe any duty to the Plaintiff.

12.  Plaintiff has failed to demonstrate any damages or harm caused by the Defendants.

13. Plaintiff's claim are barred by the doctrine of contributory negligence.

14. Plaintiffs' claims are barred by the doctrine of assumption of the risk.

15. Plaintiff's Amended Complaint (ECF No. 19) asserts at best, a claim for negligence and not gross negligence since there are no facts set forth therein to support a claim for gross negligence.

16. The Defendants are entitled to public official and statutory immunity because they did not act with malice and they were acting within the scope of their employment.

17. The damages awards are limited by law.

18. Plaintiff is not entitled to any punitive damages or attorneys' fees.

19.  Defendants have not been served or placed on notice of this action and thus, they are not subject to the jurisdiction of this Court.

20. The Defendants reserve the right to raise any additional affirmative defenses should they become available at a later date.

Respectfully submitted,

RHONDA L. WEAVER
COUNTY ATTORNEY

ANDREW J. MURRAY
DEPUTY COUNTY ATTORNEY

By:     /s/ _TONIA Y. BELTON-GOFREED_
Tonia Belton-Gofreed, Fed. Bar No. 16176
Associate County Attorney
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
(301) 952 3941
tbgofreed@co.pg.md.us
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of January 2022, a copy of the foregoing

document was electronically transmitted to this Court and served via CM/ECF and email on:

Faisal Gill, Esq.
1717 Pennsylvania Avenue NW
Washington, DC 20006
*Fgill@glawoffice.com*
*Counsel for Plaintiff*

/s/ _TONIA Y. BELTON-GOFREED_
Tonia Belton-Gofreed, Fed. Bar No. 16176

**DAET FILED:  January 13,2022**