Faisal Gill (SBN 263416)
Gill Law Firm
505 N Brand Blvd, Suite 1110
Glendale, CA 91203
310-418-6675
310-388-0564 (fax)
Fgill@glawoffice.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BAHRAM SHAKERI , et al. | ) | Case No. 8:21-cv-00549-GJH |
| Plaintiffs | ) | |
| | ) | Parties' Joint Rule 26(f) Report |
| vs | ) | |
| | ) | Next Hearing: |
| JOHN DOE, et al. | ) | Date/Time: |
| Defendants | ) | Courtroom: |

## JOINT STATUS REPORT

## STATEMENT OF THE CASE

1. Claims by Plaintiffs

On or about January 21, 2020, Mr. Shakeri was in MGM National Harbor when Delonte West attacked him for the first time. Mr. Shakeri tried to get away to calm the situation down, but he was followed by Mr. West. Then when he tried to leave, Mr. West continued to attack and harass him.

Finally, Mr. West instigated a fight with Mr. Shakeri near the 6700 block of Oxon Hill road. Mr. West threw a glass at Mr. Shakeri's head. It was only then that Mr. Shakeri in self-defense took action against Mr. West. Bystanders who were witnessing the altercation took video and placed it on social media, where Mr. Shakeri can be clearly seen and has been recognized by numerous individuals. Once Mr. West was detained by police, video was taken by an officer where Mr. West stated that Mr. Shakeri "approached him with a gun".

Based on investigation of witnesses done at the scene by the Prince George's County Police Department, officers were fully aware that Mr. Shakeri did not approach Mr. West with a gun, and that it was, in fact, Mr. West who instigated the altercation.

Despite knowing that Mr. West's defamatory statements were absolutely false, an officer of the Prince George's County Police Department released the video of Mr. West's statements to the media, where news outlets like TMZ publicized Mr. West's statements against Mr. Shakeri. As stated by Chief Hank Stawinski, "It [was] irresponsible for that [video], taken by a Prince George's County police officer, to be in the public's hands...".

Plaintiffs allege the following claims: (1) Gross Negligence.

1. Claims by Defendant and Counterclaims:
   None.

Affirmative Defenses by Defendant:

The Defendants did not engage in conduct amounting to gross negligence. The John Doe Officer's actions or omissions were privileged, reasonable, legally justified, and based on probable cause. The Defendants' actions were constitutional. The John Doe Officers did not act with malice. The John Doe Officer did not engage in willful and wanton conduct. The Defendants did not wantonly and willfully inflict injury that is so utterly indifferent to the rights of the Plaintiff or when they act as such rights do not exist. The Defendants did not act with any evil intentions. The Defendants did not engage in any acts that amounted to an intentional failure to perform a manifest duty in reckless disregard of the consequences affecting the life or property of another. The Defendants acted with reasonable care towards the Plaintiff. The Defendants did not owe any duty to the Plaintiff, nor did they breach any duty. Plaintiff failed to demonstrate any damages caused

by the Defendants. The actions of the Defendants were not intentional or willful The Defendants did not engage in conduct amounting to gross negligence. The John Doe Officer's actions or omissions were privileged, reasonable, legally justified. Plaintiff's claims are barred by the doctrines of contributory negligence and assumption of the risk. Plaintiff cannot recover for punitive damages. Plaintiff failed to provide the County with Notice of Tort Claim.

## STATEMENT OF JURISDICTION

The Parties agree that this court has jurisdiction pursuant to 28 U.S.C. § 1332.

Venue is proper because a substantial part of the events that support this cause of action all occurred within the district.

## LEGAL ISSUES

The key legal issues in this case are whether Defendant was negligent in releasing a video to the media that contained a knowingly defamatory statement about Plaintiff, which was shared globally with many recipients.

## PARTIES, WITNESSES, AND EVIDENCE

1. Parties
   a. Bahram Shakeri         Plaintiff
   b. John Doe 1             Defendant
   c. John Doe 2             Defendant
   d. John Doe 3             Defendant
   e. John Doe 4             Defendant
   f. John Doe 5             Defendant
   g. John Doe 6             Defendant
   h. John Doe 7             Defendant
   i. John Doe 8             Defendant
   j. John Doe 9             Defendant
   k. John Doe 10            Defendant

2. Percipient Witnesses
    a. Bahram Shakeri
    b. Delonte West
    c. Chief Hank Stawinski
    d. Officer of Prince George's County that released the video
    e. Bystanders that witnessed the altercation and filmed the video and placed it on social media

3. Key Documents
    a. Video Footage of the Altercation Released to and distributed by TMZ and other media outlets
    b. Police bodycam footage
    c. Investigative reports

## DAMAGES

Plaintiff contends that a jury may reasonably award compensatory and punitive damages of at least $5,000,000.00 (5 million dollars.) Defendant maintains that recovery is unlikely.

## INSURANCE

Defendant is self-insured.

## MOTIONS

Plaintiffs expect to conduct discovery into the true identities of the Officer of Prince George's County that released the video footage and may add such individuals as named Defendants. Plaintiff will seek the consent of Defendant to add any such Parties and may need to file a motion for leave to amend if no stipulation is reached. The parties anticipate filing one or more motions *in limine* prior to trial.

## DISPOSITIVE MOTIONS

Plaintiff intends to file a motion for summary judgment should evidence found through discovery warrant the filing of such motion. Defendant intends to file a motion for summary judgment.

## COMPLEX LITIGATION

The Parties agree that this case is not a complex case and does not require reference to the procedures set forth in the Manual on Complex Litigation.

## STATUS OF DISCOVERY

No discovery has been conducted in this case yet.

## DISCOVERY PLAN

Plaintiff intends to take discovery on topics including the Defendant Deputies' actions on the day of the incident; any investigation of the deputies' actions and any resulting discipline; any issues of misconduct involving any Defendant prior to the incident; and the County's policies, procedures, and practices with regard to the release of investigative materials such as video taken during the incident.

The Parties request no changes to the discovery limitations or to the disclosures under Fed. R. Civ. P. 26(a), which have already been made. The Parties do not believe that discovery should be conducted in phases or otherwise limited.

## DISCOVERY CUTOFF

The Parties propose a December 12, 2022, fact discovery cutoff.

## EXPERT DISCOVERY

The Parties propose the following expert discovery cutoffs:

Initial Expert Disclosures: January 10,2023

Rebuttal Expert Disclosures: February 8, 2023

Expert Discovery Cutoff: February 28, 2023,

## SETTLEMENT CONFERENCE/ADR

The Parties are open to discussing settlement possibilities but have not yet done so. Defendant does not agree to participate in ADR Procedure No. 2.

## TRIAL ESTIMATE

Trial will be by jury. Parties estimate the trial will take four (4) court days, from Opening Statement through Closing Statement. Plaintiff anticipates calling 8-10 witnesses. Defendant will also have 8 to 10 witnesses

## TRIAL COUNSEL

Plaintiffs will be represented by Faisal Gill.

Defendants will be represented by Tonia Y. Belton-Gofreed.

## INDEPENDENT EXPERT OR MASTER

The Parties agree that this case does not require appointment of a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

## OTHER ISSUES

The Parties are aware of no other issues affecting the status or management of the case.

Dated: March 30, 2022

Respectfully Submitted,

/S/ Faisal Gill
Faisal Gill
Gill Law Firm
505 N Brand Blvd, Suite 1110
Glendale, CA 91203
310-418-6675
310-388-0564
fgill@glawoffice.com

/s/ Tonia Y. Belton-Gofreed
Tonia Y. Belton-Gofreed
Associate County Attorney
Office of Law
1301 McCormick Drive
Suite 4100
Largo, Marylanddn 20774
tbgofreed@co.pg.md.us

Dated Filed:
March 30, 2022