Faisal Gill
Gill Law Firm
1717 Pennsylvania Ave NW
Suite 1025
Washington DC 20006
310-418-6675
213-260-8255 (fax)
Fgill@glawoffice.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BAHRAM SHAKERI | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | SECOND AMENDED COMPLAINT |
| | ) | |
| JEREMY ALLEN | ) | 8:21-cv-00549 |
| | ) | |
| Defendant | ) | |

## NATURE OF ACTION

1. This is an action brought by Bahram Shakeri against Defendant Jeremy Allen of Prince George's County Police Department for defamation and negligence based on his actions of republishing defamatory statements about Mr. Shakeri made by Delonte West when they knew the statements to be false.

## PARTIES

2. Plaintiff Bahram Shakeri is a resident of the Commonwealth of Virginia, with his address at 7131 Royal Fern Circle Apt 202, Manassas, VA 20111.

1

3. Jeremy Allen is, or at the least was at the time of the incident, a corporal in the Prince George's County Police Department.

4. The Prince George's County Police Department is the primary law enforcement agency in Prince George's County, Maryland. Prince George's County is its corporate agent and is being sued in that capacity. The department's business address is 14741 Governor Oden Bowie Drive, Upper Marlboro, Maryland 20772.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper because a substantial part of the events that support this cause of action all occurred within the district.

## FACTUAL BACKGROUND

7. On or about January 21, 2020, Mr. Shakeri was in MGM National Harbor when Delonte West attacked him for the first time.

8. Mr. Shakeri tried to get away to calm the situation down, but he was followed by Mr. West.

9. Then when he tried to leave, Mr. West continued to attack and harass him.

10. Finally, Mr. West instigated a fight with Mr. Shakeri near the 6700 block of Oxon Hill road.

11. Mr. West threw a glass at Mr. Shakeri's head.

12. It was only then that Mr. Shakeri in self-defense took action against Mr. West.

13. Bystanders who were witnessing the altercation took video and placed it on social media, where Mr. Shakeri can be clearly seen and has been recognized by numerous individuals.

14. Once Mr. West was detained by police, video was taken by Defendant Allen where Mr. West stated that Mr. Shakeri "approached him with a gun".

15. Based on investigation of witnesses done at the scene by the Prince George's County Police Department, officers were fully aware that Mr. Shakeri did not approach Mr. West with a gun, and that it was, in fact, Mr. West who instigated the altercation.

16. Defendant Allen subsequently sent the video to multiple other officers, including officers who were not part of the investigation.

17. This video was not taken and kept in proper evidence gathering steps for the Prince George's County Police Department, but was instead taken on his personal phone and then shared informally with his colleagues for a purpose other than continuing and preserving the investigation.

18. Despite knowing that Mr. West's defamatory statements were absolutely false, an officer of the Prince George's County Police Department released the video of Mr. West's statements to the media, where news outlets like TMZ publicized Mr. West's statements against Mr. Shakeri.

19. As stated by Chief Hank Stawinski, "It [was] irresponsible for that [video], taken by a Prince George's County police officer, to be in the public's hands…".

20. In October 2020, Plaintiff notified the Prince George's Police Department and the Prince George's County Attorney of his claim.

21. Plaintiff received no response from either agency and now files this claim against them for the tortious actions of their employee(s).

## COUNT I
## DEFAMATION *per se*

22. Plaintiff reasserts and reiterates allegations in par 1-19 as if set forth herein.

23. Defendant, through their employee(s), received false statements from Delonte West about Mr. Shakeri threatening him with a gun, thus making a defamatory statement that Mr. West committed a dangerous felony.

24. The law enforcement officers, including Defendant Allen, who took the video of Mr. West making these statements also took statements from other witnesses of the event who made them fully aware that Mr. West's statements were in fact false – that Mr. West was the one who instigated the fight and that Mr. Shakeri did not threaten Mr. West with a gun (let alone even possess a gun).

25. Despite knowing the statements were false, Defendant Allen shared this video with his colleagues for purposes other than continuing and preserving the investigation, which was subsequently published to media outlets, including TMZ, who published the video worldwide on their highly popular website.

26. As a result of Defendant's actions, Plaintiff has suffered severe emotional distress and harm.

27. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be determined at trial, but no less than $5,000,000.00.

## COUNT II
## GROSS NEGLIGENCE

28. Plaintiff reasserts and reiterates allegations in par 1-24 as if set forth herein.

29. Law enforcement officers, as officers of public duty and safety, have a duty to conduct investigations as neutral individuals, respecting the privacy of those who are victims of crimes.

30. In this matter, Defendant Allen breached this duty by providing public news outlets with false information about Plaintiff, knowing this information was in fact false.

31. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be determined at trial, but no less than $5,000,000.00.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Award Plaintiff any and all financial, economic and compensatory damages entitled to by law, as determined by a jury, on Counts I-II in addition;

2. Award Plaintiff other monetary damages that they may be entitled to under the law; in addition

3. Award appropriate pre-judgment and post judgment interest; in addition

4. Award expert fees and attorney's fees and cost of this action as may be permitted by law; in addition

5. Award any other relief the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

PLAINTIFF DEMANDS A JURY BY TRIAL ON ALL COUNTS.

Respectfully Submitted,

/S/ FAISAL GILL
Faisal Gill (SBN 463416)

SECOND AMENDED COMPLAINT