Faisal Gill
Gill Law Firm
1717 Pennsylvania Ave NW
Suite 1025
Washington DC 20006
310-418-6675
213-260-8255 (fax)
Fgill@glawoffice.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BAHRAM SHAKERI | ) | |
| | ) | PLAINTIFF'S MOTION TO STRIKE |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| Plaintiff | ) | COUNT II OF PLAINTIFF'S SECOND |
| | ) | COMPLAINT OR, IN THE |
| | ) | ALTERNATIVE, OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | COUNT II OF PLAINTIFF'S SECOND |
| | ) | AMENDED COMPLAINT |
| JEREMY ALLEN | ) | |
| | ) | |
| | ) | 8:21-cv-00549 |
| Defendant | ) | |

Plaintiff, Bahram Shakeri, through undersigned counsel, submits their Motion to Strike Defendant's Motion to Dismiss Count II of the Second Amended Complaint and, in the alternative, their Opposition to Defendant's Motion to Dismiss, as follows:

1. Defendant's Untimely Motion to Dismiss Should be Stricken

In this matter, Defendant Allen was served on May 1, 2024, thus making any motion to dismiss due on May 21, 2024. Despite these deadlines set by the Federal Rules of Civil Procedure, and lack of any action by Defendant to extend the deadlines either by consent of opposing counsel or motion to the Court, Defendant filed their motion to dismiss seventy (70) days past the filing

deadline allowed by law. As explained below, this Court should strike Defendant's Motion to Dismiss as untimely.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may retroactively extend the deadline by which a party was required to file a motion if that party failed to meet that deadline "because of excusable neglect." "The Supreme Court has defined 'neglect' as encompassing 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Arevalo v. Koski*, No. CIV. WDQ-13-3735, 2014 U.S. Dist. LEXIS 67149, 2014 WL 2085352, at *2 (D. Md. May 15, 2014) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). "The Supreme Court has defined 'excusable' as 'at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). "The relevant circumstances include the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Id.* (internal quotation omitted). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."

On May 1, 2024, after repeatedly evading service, causing Plaintiff to file a motion for substituted service, Prince George's County counsel accepted service for Defendant Allen, stating that they agreed he was deemed served on May 1, 2024, further stating that they would file a responsive pleading twenty (20) days from that day. (Exh. 1; ECF No. 40, 41). However, Defendant Allen failed to file any responsive pleading within the time set by the Federal Rules of Civil Procedure. Plaintiff emailed counsel for Defendant Allen on June 27, 2024 to inquire about whether they'd be filing an answer in the matter, given the time period for a motion to dismiss had

passed by numerous days. It was not until Plaintiff filed a motion for entry of clerk's default, a week after they emailed Defendant with no response, that Defendant took any action in this case. (Exh 2).

Defendant is woefully untimely in filing their motion to dismiss, which was seventy (70) days past the deadline for filing their motion to dismiss. Defendant cannot, and for that matter does not, argue excusable neglect that would allow such late filing in this matter. The movant in no way acted in good faith, first failing to take any action in this case close to the deadline for filing, and then failing to act promptly to cure the delay, taking almost two (2) weeks to file their motion to dismiss after Plaintiff, in attempting to provide them notice prior to filing a motion for default judgment, received no response from Defendant to their June 27, 2024 email. There are no intervening circumstances that were beyond Defendant's control, as their counsel explicitly set the date of service and the deadlines for a responsive pleading. Counsel never requested consent from Plaintiff's counsel for an extension to file a responsive pleading. Counsel never filed a motion to extend the time for filing with the Court. Last, Defendant never filed a motion for leave to file the late filing with the Court.

Here, Defendant caused an extensive delay of seventy (70) days without filing a responsive pleading without good reason, as shown by the lack of providing one in their own motion to dismiss. Second, there is clear prejudice to Plaintiff, as Defendant has already caused severe delay through evading service through Prince George's County Counsel failing to provide any information that would help Plaintiff get in contact with Defendant Allen despite their knowledge that Plaintiff attempted multiple locations to serve him and fighting even a substituted service or accepting service until the Court finally ordered such service to be made. Now, if the Court allows

Defendant's unjustified and extensive delay, granting of such untimely motion could dismiss Plaintiff's case in its entirety. Thus, there is clear prejudice to Plaintiff.

As explained above, there is ample reason that this Court should strike Defendant's Motion to Dismiss Count II of the Complaint as untimely.

2. Defendant's Motion to Dismiss Count II of the Second Amended Complaint should be denied.

    a. Defamation Claim

Plaintiff agrees that this count should be dismissed as it was included in error and does not intend to move forward given the court's earlier ruling in this matter.

    b. Gross Negligence Claim

        i. An amended complaint is deemed filed based on the date of filing the motion to amend for purposes of statute of limitations.

Defendant argues that Plaintiff's Second Amended Complaint should be dismissed as barred by the statute of limitations. However, Defendant fails to take note that many courts, including the 4th Circuit, have recognized the notion that when a motion to amend that is subsequently granted is filed before the expiration of the statute of limitations, the amended complaint is considered filed within the statute of limitations.

As an example, the Eastern District of Virginia explained the notion as follows:

> The cases cited by plaintiffs appear to stand for nothing more than the uncontroversial proposition that as long as a motion for leave to amend is filed prior to the expiration of the applicable statute of limitations, it does not matter whether the court's order *granting* that motion is entered before or after the statute of limitations expires, because the amended complaint will be deemed filed as of the date of the motion under cover of which it was submitted, not as of the date of the court's order. This result is justified, of course, because parties have "no control over when a court renders its decision regarding the proposed amended complaint." *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993). "To hold otherwise would punish"

> plaintiffs for the court's sometimes "unavoidable delay in issuing an order granting leave to amend a complaint." *Wallace v. Sherwin Williams Co.*, 720 F. Supp. 158, 159 (D. Kan. 1988).

*Collins v. Dollar Tree Stores*, Inc., 2010 U.S. Dist. LEXIS 156827, *14-15.

The Fourth Circuit has made similar decisions, explaining

> First, the Plaintiffs correctly note that courts have generally concluded that when a motion for leave to amend is later granted, the amended complaint is deemed timely even if the court's permission is granted after the limitations period ends. This rule has been explained as follows:
>
> As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion. *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993).

*Angles v. Dollar Tree Stores, Inc.*, 494 Fed. Appx. 326, 330 (4th Cir. 2012).

Here, Plaintiff filed the motion to amend on January 9, 2023, which was within the statute of limitations. (ECF Doc. No. 29). The Motion to Amend was subsequently granted. Thus, as explained above, the claim against Defendant Allen is not barred by the statute of limitations.

      ii. As an alternative, relation back would apply in this matter if the Amended Complaint is considered filed outside of the statute of limitations.

Further, Defendant argues that the Second Amended Complaint does not relate back to the original complaint in this matter and thus Plaintiff cannot bring their claim against Defendant Allen.

However, this goes against the law set forth by multiple cases within this District, including opinions from Your Honor on the matter. Fed. R. Civ. P. 15(c) allows a party to amend a pleading after expiration of the statute of limitations, if the amendment relates back to the original pleading. Fed. R. Civ. P. 15(c). When adding a new party, the amendment only relates back if: it (1) "asserts

a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits" and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Id.* at § (c)(1)(B)-(C). Requirements two and three mentioned above must be satisfied "within the period provided by Rule 4(m)." *Id.* at § (c)(1)(C).

In this regard, the United States Court of Appeals for the Fourth Circuit has recognized that the requirements of Rule 15(c) "preserve for the new party the protections of a statute of limitations" and "assure that the new party had adequate notice within the limitations period and was not prejudiced by being added to the litigation." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 470 (4th Cir. 2007). And so, when a newly named party "has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." *Id.* The United States Supreme Court has also addressed the relation-back doctrine and held that the proper inquiry for analyzing the doctrine under Rule 15 should focus on whether the prospective defendant knew or should have known that it would have been named as a defendant in the case, but for a mistake. *See Krupski v. Costa Crociere S.p.A*, 560 U.S. 538, 541, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010). And so, the Court's focus regarding the application of the relation-back doctrine is on whether the unnamed defendants were, or should have been, aware of plaintiff's intent to name them as defendants in the case. *Id.* Hayat v. Diaz, 2022 U.S. Dist. LEXIS 14983, (D. Md. Jan. 27, 2022)).

"And so, when a newly named party has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." *Hayat v. Diaz*, 2022 U.S. Dist. LEXIS 14983,

*7, 2022 WL 252963 (D. Md. January 27, 2022)(citation omitted). Your Honor explained relation back for adding a party from Doe Defendants in *Hayat* as follows:

> In this case, plaintiff persuasively argues that his claims against the Doe Defendants relate back to the original complaint, because these claims arise out of the same police conduct described in the original complaint with regards to the Defendant Officers. Pl. Resp. at 4-5. Notably, plaintiff alleges in paragraph 28 of the original complaint that "multiple other officers arrived at the scene and under color of authority did illegally enter [his] home by overpowering [him] and forcing their way in." Compl. at ¶ 28. While the Court agrees with defendants that this allegation does not contain much detail, the allegation does, nonetheless, make clear that plaintiff intends to pursue claims against the other Montgomery County police officers who arrived at his residence on October 22, 2017. Given this, and the other the detailed factual allegations contained in the original complaint regarding the alleged events of October 22, 2017, the allegations in the original complaint are sufficient to have put the Doe Defendants on notice of plaintiff's claims. *See Goodman*, 494 F.3d at 470. And so, the Court declines to dismiss these claims as untimely.

*Hayat v. Diaz*, 2022 U.S. Dist. LEXIS 14983, *12-14, 2022 WL 252963.

> Notably, in Wexford's original Motion to Dismiss, or in the Alternative, for Summary Judgment, filed within the period provided by Rule 4(m) for service and by the same counsel now representing the New Wexford Defendants, Wexford, the employer of the New Wexford Defendants, explicitly noted the involvement of Dr. Getachew and Dr. Ottey in Certeza's medical care and that the approval of care by the Regional Medical Director was at issue, such that it is reasonable to conclude that the New Wexford Defendants were on notice within the original service period that they were subject to suit based on these incidents but for Certeza's inability to identify them. *See* First Wexford Mot. Dismiss at 2-3, ECF No. 18-3; *see also* Med. Records at 9, 30, 61, 90, First Wexford Mot. Dismiss Ex. 1, ECF No. 18-4; *Goodman*, 494 F.3d at 471 (holding that when the new party "has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back"). Where the New Wexford Defendants have not articulated a persuasive basis to conclude that the Amended Complaint results in improper prejudice to them in mounting a defense, the Court finds that the claims against them relate back to the original Complaint and will not dismiss them as untimely.

*Certeza v. Wexford Health Sources, Inc.*, 2022 U.S. Dist. LEXIS 123359, *29-30, 2022 WL 2704057 (D. Md. July 11, 2022). Here, as in Wexford, counsel for Defendant Allen is the same counsel as Prince George's County, Defendant Allen's employer, who received notice of the lawsuit at the time of the filing and service of the original complaint. Further, Plaintiff made clear it intended to bring the suit against a Prince George's County police officer who committed the actions explained in the original complaint. Also, Defendant has made no argument how relation back would prejudice him in bringing any defenses in this matter. Thus, if the Court does not find that the claim against Defendant Allen was brought within the statute of limitations, the Court should find that relation back applies and the amended complaint relates back to the filing of the original complaint in this matter.

      iii. The Second Amended Complaint contains sufficient alleged evidence for gross negligence.

Last, Defendant argues that this Court should dismiss Count II of Plaintiff's Second Amended Complaint, as there is insufficient factual allegations to find gross negligence. Specifically, Defendant states that Plaintiff only makes conclusory allegations to state gross negligence. However, Defendant completely ignores all of the facts alleged by Plaintiff throughout its Second Amended Complaint that support the claim for gross negligence.

> Gross negligence is an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated differently, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist.

*Watkins v. Butler*, 2024 U.S. Dist. LEXIS 707, *56-57, 2024 WL 37995 (citations and quotations omitted). *"Ordinarily, unless the facts are so clear as to permit a conclusion as a matter of law, it is for the trier of fact to determine whether a defendant's negligent conduct amounts to gross negligence."* *Est. of LeRoux v. Montgomery Cnty.*, 2023 U.S. Dist. LEXIS 47443, *65, 2023 WL 2571518 (citations and quotations omitted). A "legally sufficient case of ordinary negligence will frequently be enough to create a jury question of whether such negligence was or was not gross." *Nirala v. Adhali*, 2019 U.S. Dist. LEXIS 127339, *10-11, 2019 WL 3457661 (citation omitted).

Here, Plaintiff alleged that Defendant Allen took a video of Delonte West on his personal cell phone during the investigation, that he then sent the video out to other officers, including some who were not part of the investigation, for purposes outside of the investigation, even when he knew the statements by West to be false, and that he didn't take the video and keep it in proper evidence, thus resulting in the widespread publication of the false statements of the video to media outlets. (Pl. SAC ¶¶ 16-19). Thus, Plaintiff clearly establishes in the allegations that Defendant Allen intentionally failed to perform a duty of keeping the evidence in a correct manner and taking the video on his personal cell phone and sharing the video outside of the investigation was gross negligence.

3. Conclusion

   For the foregoing reasons, this Court should STRIKE Defendant's Motion to Dismiss Count II of the Second Amended Complaint or, in the alternative, DENY, Defendant's Motion to Dismiss Count II of the Second Amended Complaint.

   DATED: August 2, 2024                                    Respectfully submitted,

                                                   ___/s/ Faisal Gill_____
                                                   Faisal Gill

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY, that on this 2nd day of August, 2024, I sent a copy of the Plaintiff's Motion to Strike Defendant's Motion to Dismiss or, in the alternative, Opposition to Motion to Dismiss, through ECF electronic service, for which counsel for Defendant is a recipient.

      Respectfully submitted,

      ____/s/ Faisal Gill_____
      Faisal Gill