**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BAHRAM SHAKERI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-00549-LKG |
| | ) | |
| v. | ) | Dated:  January 31, 2025 |
| | ) | |
| JEREMY ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

This civil action arises from an interaction between the Plaintiff, Bahram Shakeri and the Defendant, Officer Jeremy Allen of the Prince George's County Police Department ("PGPD") that occurred on or about January 21, 2020.  ECF No. 32.  In the second amended complaint, the Plaintiff asserts defamation and gross negligence claims against the Defendant under Maryland law.  *Id.*  The Defendant has moved to dismiss the second amended complaint, pursuant to Fed. R. Civ. P. 12(b).  ECF No. 43.  This motion is fully briefed.  ECF Nos. 32, 43 and 46.   No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons below, the Court: (1) **GRANTS** the Defendant's motion to dismiss and (2) **DISMISSES** the second amended complaint.

### II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.    Factual Background

This civil action arises from an interaction between the Plaintiff, and Officer Jeremy Allen of the PGPD that occurred on or about January 21, 2020.  ECF No. 32.  In the second

---

[1] The facts recited in this memorandum opinion are taken from the second complaint; the Defendant's motion to dismiss and memorandum in support thereof; and the Plaintiff's response in opposition thereto. ECF Nos. 32 and 43.  Unless stated otherwise, all the facts are undisputed.

amended complaint, the Plaintiff alleges that the Defendant took a video in which another individual falsely accused the Plaintiff of instigating a fight.  ECF No. 32 at ¶¶ 14-16.

In this regard, the Plaintiff alleges that, on or about January 21, 2020, he was in the MGM National Harbor when another individual, Delonte West, attacked him for the first time. *Id*. at ¶ 7.  The Plaintiff alleges that he tried to "get away to calm the situation down," but that he was followed by Mr. West.  *Id*. at ¶ 8.  And so, the Plaintiff alleges that, when he tried to leave, Mr. West continued to attack and harass him.  *Id*. at ¶ 9.

The Plaintiff also alleges that Mr. West "instigated a fight" with him near the 6700 block of Oxon Hill Road, where Mr. West threw a glass at the Plaintiff's head.  *Id*. at ¶¶ 10-11.  Given this, the Plaintiff alleges that he "in self-defense took action against Mr. West."  *Id*. at ¶ 12.  The Plaintiff also alleges that a bystander who witnessed this altercation recorded a video and posted the video on social media.  *Id*. at ¶ 13.

Relevant to the pending motion to dismiss, the Plaintiff alleges that, after Mr. West was detained by police, the Defendant took a video showing Mr. West stating that the Plaintiff "approached him with a gun."  *Id*. at ¶ 14.  The Plaintiff contends that, based on an investigation of the witnesses at the scene of the altercation by the PGPD, the "officers were fully aware that [the Plaintiff] did not approach Mr. West with a gun," because Mr. West instigated the altercation.  *Id*. at ¶ 15.  The Plaintiff alleges that the Defendant released the video of Mr. West's statements to the media, despite knowing the falsity of West's statements, and that "news outlets like TMZ publicized Mr. West's statements against [the Plaintiff]."  *Id*. at ¶ 18.  The Plaintiff also alleges that the Defendant sent the video "to multiple other officers, including officers who were not part of the investigation.  *Id*. at ¶ 16.

The Plaintiff brings claims against Mr. West for defamation (Count I) and gross negligence (Count II) arising from this incident.  *Id*. at ¶¶ 22-31.  With regards to his gross negligence claim, the Plaintiff alleges that "law enforcement officers, as officers of public duty and safety, have a duty to conduct investigations as neutral individuals, respecting the privacy of those who are victims of crimes."  *Id*. at ¶ 29.  The Plaintiff also alleges that the Defendant breached this duty, "by providing public news outlets with false information about Plaintiff, knowing this information was in fact false."  *Id*. at ¶ 30.

The Plaintiff also contends that, "[a]s a result of Defendant's actions, he has suffered damages in an amount to be at least $5,000,000.00."  *Id*. at ¶ 31.  And so, the Plaintiff seeks to

recover, among other things, monetary damages, attorney's fees and costs from the Defendant. *Id*. at Prayer for Relief.

### B.    Procedural Background

 The Plaintiff commenced this matter on March 4, 2021.  ECF No. 1.  The Plaintiff subsequently amended the complaint on January 10, 2022.  ECF No. 19.  After the Court issued its memorandum opinion dismissing the Plaintiff's defamation claim, the Plaintiff filed a second amended complaint on February 3, 2023.  ECF No. 32.  On July 10, 2024, the Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b), and a memorandum in support thereof. ECF No. 43.  On August 2, 2024, the Plaintiff filed a response in opposition to the Defendant's motion to dismiss.  ECF No. 46.

These matters having been fully briefed, the Court resolves the pending motion to dismiss.

## III.    LEGAL STANDARDS

### A.  Rule 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B. Gross Negligence

Maryland law defines gross negligence as "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another," and is said to imply "a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Barbe v. Pope*, 935 A.2d 699, 717 (Md. 2007) (internal citation omitted). "Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Id*. And so, gross negligence describes "a level of neglect more egregious than simple negligence." *Holloway-Johnson v. Beall*, 103 A.3d 720, 735 (Md. Ct. Spec. App. 2014).

## IV.    LEGAL ANALYSIS

The Defendant has moved to dismiss the second amended complaint, pursuant to Fed. R. Civ. P. 12(b), upon the grounds that: (1) the Plaintiff's defamation claim is barred by the statute of limitations; (2) the Plaintiff's gross negligence claim is also barred by the applicable statute of limitations; and (3) the Plaintiff fails to state a claim for gross negligence. *See generally* ECF No. 43. And so, the Defendant requests that the Court dismiss the second amended complaint. *Id*.

In his response in opposition to the Defendant's motion, the Plaintiff consents to the dismissal of his defamation claim. ECF No. 46 at 4. But, the Plaintiff argues that the Court should not dismiss this matter, because: (1) the Defendant's motion to dismiss is untimely and should be stricken and (2) his gross negligence claim is timely, because he filed a motion to amend the complaint within the limitations period and the second amended complaint also relates back to the original complaint under the relation back doctrine. *Id*. at 6. The Plaintiff also argues that the second amended complaint contains sufficient factual allegations to state a claim for gross negligence. *Id*. at 9. And so, the Plaintiff requests that the Court deny the Defendant's motion to dismiss. *Id*.

For the following reasons, the Plaintiff's gross negligence claim is timely, because he sought to amend the complaint to add this claim within the applicable three-year statute of limitations period. The Defendant's motion to dismiss is also timely, because the Court will excuse the delay in the filing of this motion upon the grounds of excusable neglect.

In addition, a careful reading of the the second amended complaint makes clear that the Plaintiff has not alleged sufficient facts to support a gross negligence claim under Maryland law. And so, the Court: (1) GRANTS the Defendant's motion to dismiss and (2) DISMISSES the second amended complaint.

### A. The Court Deems The Second Amended Complaint And Motion To Dismiss Timely

As an initial matter, the Court deems the second amended complaint and the Defendant's motion to dismiss to be timely filed for the purpose of resolving this dispute. The Plaintiff filed the second amended complaint on February 3, 2023, and the torts claims in the second amended complaint arise from events that occurred on or about January 21, 2020. ECF No. 32. Such timing that would usually render the Plaintiff's gross negligence claim untimely under the applicable three-year statute of limitations. But, the Plaintiff persuasively argues that this claim should not be time-barred, because he sought leave to amend the complaint within the limitations period. ECF No. 43 at 4-5. And so, the Court will deem this claim to be timely.

The Court will also deem the Defendant's motion to dismiss to be timely, due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The Defendant filed the instant motion to dismiss on July 10, 2024, one day after the Plaintiff filed a motion for Clerk's entry of default. ECF No. 43; *see also* ECF No. 42. The Defendant explains in his response in opposition to the Plaintiff's motion for Clerk's entry of default that he is now actively represented by counsel and prepared to defend this action. ECF No. 44. The Court understands that the Defendants' counsel joined the case shortly before the filing of the Defendant's response in opposition to the Plaintiff's motion for Clerk's entry of default. The Defendant's counsel entered a notice of appearance in this matter on July 31, 2024. ECF No. 39.

Given this, the Defendant's delay in filing his motion to dismiss appears to have been due to his need to obtain counsel to represent him in this matter. And so, the Court will extend the time for the Defendant to file his motion to dismiss, due to excusable neglect, under Fed. R. Civ. P. 6(b)(1)(B).

### B. The Court Dismisses The Plaintiff's Defamation Claim

Turning to the elements of the Defendant's motion to dismiss, the Plaintiff acknowledges in his response in opposition to the Defendant's motion to dismiss that he does not intend to

pursue a defamation claim against Officer Allen in this case.  ECF No. 46 at 4.  And so, the Court DISMISSES the Plaintiff's defamation claim in Count I of the second amended complaint.

### C.  The Plaintiff Fails To State A Gross Negligence Claim

Regarding the Plaintiff's gross negligence claim, the Defendant persuasively argues that the second amended complaint lacks sufficient allegations to state a plausible claim for gross negligence under Maryland law.  Maryland law defines gross negligence as "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another," and is said to imply "a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Barbe v. Pope*, 935 A.2d 699, 717 (Md. 2007) (internal citation omitted).  "Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Id*.  And so, gross negligence describes "a level of neglect more egregious than simple negligence." *Holloway-Johnson*, 103 A.3d at 735.

A careful reading of the second amended complaint shows that the Plaintiff has not alleged sufficient facts that, taken as true, could show gross negligence.  In the second amended complaint, the Plaintiff alleges that, after Mr. West was detained by police, the Defendant took a video showing that Mr. West stated that the Plaintiff "approached him with a gun." *Id*. at ¶ 14. The Plaintiff further alleges that the Defendant and other "officers were fully aware that [the Plaintiff] did not approach Mr. West with a gun," based on the investigation of the incident which showed that Mr. West instigated the altercation. *Id*. at ¶ 15.

In addition, the Plaintiff alleges that the Defendant released the video of Mr. West's statements to the media, despite knowing the falsity of West's statements, and that "news outlets like TMZ publicized Mr. West's statements against [the Plaintiff]." *Id*. at ¶ 18.  And so, the Plaintiff also alleges that the Chief of police has also acknowledged that "[i]t was irresponsible for that [video] to have been taken by a Prince George's County police officer, to be in the public's hands." *Id*. at ¶ 19.

While the conduct alleged in the second amended complaint is certainly very troubling, and "irresponsible" as acknowledged by the PGPD, the factual allegations in the complaint do not show that the Defendant's conduct satisfies the high standard for gross negligence under Maryland law.  Notably absent from the second amended complaint are any factual allegations to

show that the Defendant intended to harm the Plaintiff, or performed duties in reckless disregard of the consequences to the Plaintiff.  ECF No. 32.  In fact, there are no factual allegations in the second amended complaint to show that the Defendant harbored any animosity or ill-will towards the Plaintiff, or to show that he intended to harm the Plaintiff by the recording and/or releasing of the video containing Mr. West's statements.  Nor does the second amended complaint contain facts to show that the Defendant acted "so utterly indifferent to the rights of [the Plaintiff] that he [acted] as if such rights did not exist." *Barbre*, 935 A.2d at 717.

Given this, the factual allegations in the complaint, taken as true, simply do not show "a level of neglect more egregious than simple negligence." *Holloway-Johnson*, 103 A.3d at 735. And so, the Plaintiff fails to state a plausible claim for gross negligence.  For this reason, the Court must DISMISS this claim.  Fed. R. Civ. P. 12(b)(6).

## V.    CONCLUSION

In sum, the Plaintiff's gross negligence claim and the Defendant's motion to dismiss are timely.  A careful reading of the second amended complaint makes clear, however that the Plaintiff has not alleged sufficient facts to support a gross negligence claim under Maryland law. And so, the Court:

(1) **GRANTS** the Defendant's motion to dismiss; and

(2) **DISMISSES** the second amended complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby_____
LYDIA KAY GRIGGSBY
United States District Judge

7